ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| HUMBERTO QUINTANA RIVERA, T/C/C NORBERTO QUINTANA RIVERA<br><br>Peticionario<br><br>EX PARTE | TA2025AP00708 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso Núm.: AÑ2025CV00274<br><br>Sobre: Solicitud de Inscripción Tardía en el Registro Demográfico |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparece Humberto Quintana Rivera, también conocido como Norberto Quintana Rivera, ("señor Quintana Rivera" o "Apelante" mediante recurso de apelación y nos solicita que revoquemos la *Sentencia* emitida el 4 de noviembre de 2025, notificada el 6 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Añasco ("TPI"). En virtud del referido dictamen, el TPI denegó la petición sobre inscripción de nacimiento tardía en el Registro Demográfico instada por el señor Quintana Rivera, por existir inconsistencias entre su fecha y lugar de nacimiento.

Por los fundamentos que anteceden, se *revoca* la *Sentencia* apelada.

**I.**

El 26 de agosto de 2025, el señor Quintana Rivera presentó una *Petición* sobre inscripción de nacimiento tardía en el Registro Demográfico. Sostuvo que, al solicitar un certificado de nacimiento, con la intención de obtener un pasaporte, advino en conocimiento de que no constaba inscrito en el Registro Demográfico. Explicó que no puede viajar a Puerto Rico, ya que no ha logrado obtener su pasaporte y tampoco cuenta con identificación "Real ID".

Señaló que presentó una solicitud sobre inscripción tardía ante el Registro Demográfico, pero la misma fue denegada, debido a que no logró presentar: (1) evidencia de estudios de grados primarios; y (2) Certificado de Defunción de su padre. Adujo que, a pesar de intentar obtener dichos documentos, no logró encontrarlos. Por tanto, arguyó que la inscripción peticionada únicamente procedía mediante Orden del Tribunal. Para sustentar su *Petición*, presentó los siguientes documentos:

1) Negativa del Registro Demográfico de Humberto Quintana Rivera;
2) Negativa del Registro Demográfico de Norberto Quintana Rivera;
3) Carta del Registro Demográfico denegando Inscripción Tardía;
4) Certificado de Bautismo;
5) Certificado de Matrimonio;
6) Copia de la tarjeta de seguro social
7) Copia de la tarjeta de identificación del estado de Pennsylvania, EEUU;
8) Copia de la tarjeta del Plan Médico;
9) Información del Elector #0720878 de la Comisión Estatal de Elecciones;
10) Copia de la tarjeta electoral;
11) Certificado de Nacimiento de su hijo Jaime Quintana Rivera;
12) Certificado de Nacimiento de su hija Mary Isabel Quintana Rivera;
13) Certificación Negativa de Antecedentes Penales;
14) Certificación Negativa de ASUME.

Tras varias instancias, el 15 de octubre de 2025, se celebró una Vista en su Fondo a la cual compareció el señor Quintana Rivera y el Ministerio Público. Consecuentemente, el 5 de noviembre de 2025, notificada el día siguiente, el foro de instancia emitió una *Sentencia* mediante la cual formuló las siguientes determinaciones de hechos:

1) La parte peticionaria, HUMBERTO QUINTANA RIVERA T/C/P NORBERTO QUINTANA RIVERA, es mayor de edad, casado con Ana Esther Rivera Valentín, propietario, con domicilio en Añasco, Puerto Rico y actualmente residiendo con su hijo en 360 N 7th St., Lebanon, Pennsylvania (EUA) 17046.

2) Del testimonio brindado por la parte peticionaria, HUMBERTO QUINTANA RIVERA T/C/P NORBERTO QUINTANA, se desprende que actualmente tiene 87 años. Que nació el 7 de septiembre de 1938 en Moca, Puerto Rico. Siendo sus progenitores: Don Toribio Quintana y Doña Faustina Rivera Ramos, ambos ya fallecidos.

3) La parte peticionaria, HUMBERTO QUINTANA RIVERA T/C/P NORBERTO QUINTANA, contrajo primeras y únicas nupcias con Ana Esther Rivera Valentín el 26 de noviembre de 1960 en Añasco, Puerto Rico y fueron procreados siete (7) hijos, todos nacidos en Puerto Rico.

4) La parte peticionaria siempre ha utilizado y se le ha conocido como HUMBERTO QUINTANA RIVERA, con excepción de su CERTIFICADO

DE BAUTISMO donde obra registrado como NORBERTO QUINTANA RIVERA y así se desprende de la prueba documental sometida en autos.

5) Por causas ajenas a su conocimiento, el nacimiento de la parte peticionaria nunca fue registrado o inscrito en el Registro Demográfico de Puerto Rico. Dicho dato fue certificado por el Departamento de Salud, tras múltiples gestiones administrativas realizadas por la parte peticionaria para lograr su inscripción.

6) Surge del Certificado de Bautismo que fuere expedido por la Parroquia Nuestra Señora de Monserrate en Moca, que la parte peticionaria NORBERTO QUINTANA RIVERA fue bautizado el 22 de agosto de 1942, nacido el 2 de marzo de 1939 y sin lugar de nacimiento. Hijo de Toribio Quintana y Faustina Rivera. Registrado y archivado en el Libro 42 de Bautismos, Folio 144, Núm. Marginal 851.

7) La parte peticionaria declaró que, en su niñez vivió en el Barrio Cerro Gordo en Añasco con sus padres de crianza, cursando estudios hasta el octavo grado en la escuela de dicha comunidad y que siempre trabajó en Puerto Rico en el área de construcción y de la agricultura.

8) La parte peticionaria HUMBERTO QUINTANA RIVERA T/C/P NORBERTO QUINTANA RIVERA consta inscrita en la Comisión Estatal de Elecciones (CEE) bajo el número de elector 0720878, con el que ha ejercido su derecho al voto bajo dicho nombre y con fecha de nacimiento del 1ero de enero de 1938. Figuran como sus padres: Toribio y Faustina.

9) El 15 de abril de 2025, el Registro Demográfico de Puerto Rico expidió carta denegando el procedimiento administrativo de inscripción tardía.

10) La parte peticionaria de epígrafe expresó que no es hasta que realiza solicitud para obtener copia de su Certificado de Nacimiento en el Registro Demográfico de Puerto Rico para cumplir con la nueva legislación federal donde es requisito y se requiere tener pasaporte para poder viajar el que descubre que no consta inscrito y/o registrado de manera oficial ante dicha institución gubernamental.

11) El Ministerio Público por conducto del Fiscal Gerardo Martínez Rodríguez emitió dictamen no favorable a la solicitud presentada, por lo siguiente: a) En el Certificado de Bautismo se indica que el nombre del peticionario es Norberto y que nació el 2 de marzo de 1939 en Moca, Puerto Rico. b) En el Certificado de Matrimonio dice que nació el 1 de enero de 1938 en Añasco, Puerto Rico. c) En la Comisión Estatal de Elecciones su fecha de nacimiento dice que es 1 de enero de 1938 en Moca, Puerto Rico. d) En el Certificado de Nacimiento de su hijo Jaime Quintana indica que nació en Moca y en el de su hija Mary Isabel Quintana en Añasco, con fecha del 1 de noviembre de 1938. e) En la identificación del estado de Pennsylvania, EUA indica que nació el 7 de septiembre de 1938; pero no dice el lugar de nacimiento. f) En el Certificado de Antecedentes Penales indica que nació el 1 de noviembre de 1938 en Añasco.

12) El Ministerio Público mantiene su posición negatoria, toda vez, que la parte peticionaria según la prueba documental y testifical desfilada

posee cuatro (4) fechas de nacimientos distintas con dos (2) pueblos diferentes; por lo que, no se puede allanar con tantas incongruencias.[1]

En atención a ello, denegó la solicitud instada por el señor Quintana Rivera. No obstante, aclaró que quedó convencido de que la decisión de solicitar la inscripción de datos en el Registro Demográfico se hizo de buena fe, sin intención de burlar o defraudar ni evadir deudas o compromisos de índole alguna, ni visos de ilegalidad de cualquier tipo.

Inconforme, el 18 de noviembre de 2025, el apelante presentó una *Moción de Reconsideración*, la cual fue denegada el 25 de noviembre de 2025. Insatisfecho aún, el 22 de diciembre de 2025, el señor Quintana Rivera acudió ante nos mediante recurso de apelación. La parte apelante realizó el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al incumplir con la política pública del derecho fundamental a la identidad jurídica establecida en la Ley Del Registro Demográfico de 1931, al negar la inscripción tardía del peticionario/apelante a pesar de haberse probado el nacimiento en Puerto Rico, la filiación y la buena fe.**

El 12 de enero de 2025, este Tribunal emitió una *Resolución* mediante la cual le concedimos un término al Ministerio Público para presentar su oposición al recurso. En cumplimiento, el 23 de enero de 2025, notificó su *Comparecencia Especial del Ministerio Público*. Perfeccionado el recurso, nos encontramos en posición de resolver.

## II.

El Registro Demográfico, adscrito al Departamento de Salud de Puerto Rico, fue creado en virtud de la Ley Núm. 24 de 22 de abril de 1931, según enmendada, conocida como la *Ley del Registro Demográfico de Puerto Rico*, 24 LPRA sec. 1041 *et seq.* ("Ley Núm. 24-1931"). En virtud del aludido estatuto, el Registro Demográfico tendrá dentro de sus funciones "todo lo concerniente a la inscripción de los nacimientos, casamientos y defunciones que ocurran o se celebren en Puerto Rico". Art. 3 de la Ley Núm. 24-1931, 24 LPRA sec. 1071.

---

[1] *Véase*, SUMAC, Entrada Núm. 9, págs. 2-4.

El certificado de nacimiento es el documento que refleja los datos vitales de la persona al momento de su nacimiento. *Delgado, Ex parte*, 165 DPR 170, 187 (2005). Cónsono con lo anterior, se ha catalogado como una radiografía histórica de la persona al nacer, que deja constancia de la fecha y del lugar de nacimiento, del nombre de los padres, así como del nombre y el sexo de la persona inscrita. *Íd.*

Atinente a la controversia ante nos, el Art. 17 de la Ley Núm. 24-1931, 24 LPRA sec. 1131, establece un término de treinta (30) días para declarar un nacimiento ante el Registro Demográfico. Por su parte, entre la información requerida en los certificados de nacimiento, el Art. 19 del estatuto, 24 LPRA sec. 1133, dispone, entre otras, el lugar y fecha de nacimiento, nombre y apellidos del nacido, su sexo, y los nombres y apellidos de los progenitores, entre otros.

En caso de no declarar el nacimiento dentro del plazo otorgado, el Art. 38 (F), 24 LPRA sec. 1237, dispone lo siguiente:

*F. Ausencia de registro de nacimiento*

Si en cualquier tiempo después del nacimiento de una persona, se necesitare una copia certificada del récord de tal nacimiento para cualquier fin, y después de examinados los archivos por el Secretario de Salud o sus representantes, apareciere que dicho nacimiento no había sido registrado de acuerdo con las disposiciones de esta parte, el Secretario de Salud requerirá entonces, inmediatamente de la persona responsable de hacer tal declaración y de presentar el certificado para su inscripción, que presente dicho certificado al encargado del Registro del Distrito correspondiente, en la forma más completa posible, según lo permita el tiempo que haya transcurrido desde que tuvo lugar dicho nacimiento. Con dicho certificado se archivarán aquellas declaraciones juradas u otros documentos que el Secretario de Salud juzgare necesario y la persona responsable de la falta será procesada, según se requiere por esta parte, si se negare a presentar dicho certificado prontamente. En los casos en que la persona responsable de presentar el certificado haya fallecido o no pueda encontrarse, la persona que solicita la copia certificada del récord puede presentar dicho certificado de nacimiento junto con aquellas declaraciones juradas y otros documentos que solicite el Secretario de Salud, los que serán archivados en el Departamento y copia certificada del certificado será expedida entonces al solicitante, previo el pago de los derechos mencionados anteriormente.

La negativa del Secretario de Salud a inscribir una solicitud de inscripción tardía de nacimiento está sujeta a revisión judicial mediante acción ordinaria en que el tribunal sentenciador oiga independientemente la prueba en el caso y llegue a sus propias conclusiones de hecho y de derecho. *Medina v. Pons*, 81 DPR 1, 18 (1959). De ser necesario que el Tribunal ordene una inscripción, la misma deberá incluir la palabra "tardía". Art. 38 (I) de la Ley Núm. 24-1931, *supra.*

**III.**

En el recurso que nos ocupa, el señor Quintana Rivera acude ante nos, luego de que el TPI denegó su solicitud sobre inscripción de nacimiento tardía. Conforme surge de la *Sentencia*, el foro de instancia determinó que el apelante nació el 7 de septiembre de 1938, en Moca, PR, siendo sus progenitores Toribio Quintana y Faustina Rivera. A su vez, dispuso que la solicitud se realizó de buena fe, sin intención de burlar o defraudar ni evadir deudas o compromisos de índole alguna, ni visos de ilegalidad de cualquier tipo. A pesar de lo anterior, declaró No Ha Lugar la petición, sin realizar alguna conclusión de derecho o justificar su decisión.

La inscripción en el Registro Demográfico es esencial para la vida civil de toda persona. Como consecuencia, se debe promover, facilitar y garantizar el acceso al Registro Demográfico, como parte fundamental de la protección a la dignidad humana y el desarrollo integral de sus ciudadanos. Es por ello que, toda solicitud de inscripción tardía presentada ante el Tribunal deberá ser aquilatada tomando en consideración las circunstancias particulares de cada caso.

Tras un examen detenido del expediente, concluimos que el TPI incidió al no ordenar la inscripción del señor Quintana Rivera. Al momento, el señor Quintana Rivera tiene 87 años y se encuentra en espera de poder regresar a Puerto Rico, ya que no puede obtener los documentos necesarios para viajar. Nos parece contrario a los principios fundamentales de la justicia dejarlo desprovisto de remedio alguno y, como consecuencia, obligarlo a permanecer en un lugar lejano a su hogar. Más aún cuando, por razones desconocidas y ajenas a su voluntad, aquellos obligados a inscribir su nacimiento incumplieron con su responsabilidad.

Contrario a lo argumentado por el Ministerio Público, las incongruencias en cuanto a la fecha y lugar de nacimiento no resultan suficientes para denegar la inscripción. Las circunstancias excepcionales del caso no permiten que dichas divergencias sean esclarecidas más adelante. Según se ha establecido, no existen personas que puedan declarar a los efectos de establecer con certeza la filiación,

lugar o fecha de nacimiento del apelante. Pretender exigir precisión absoluta en datos que, por su antigüedad, difícilmente pueden ser corroborados, le impone al señor Quintana Rivera una carga irrazonable y excesiva. Por consiguiente, las discrepancias en los documentos no justifican denegar el derecho fundamental del apelante a tener acceso al Registro Demográfico.

Si bien la prueba documental contiene incongruencias en cuanto a su fecha y lugar de nacimiento, del testimonio ofrecido por el señor Quintana Rivera surge que este nació el 7 de septiembre de 1938 en Moca, Puerto Rico. En atención a los principios de equidad y a la discreción que se nos concede, procede ordenar la inscripción del apelante, de conformidad con los datos ofrecidos por el propio apelante.

No obstante, debemos aclarar que, contrario a lo alegado por el apelante, no logró evidenciar que sus padres eran Toribio Quintana y Faustina Rivera, para efectos de filiación. Sin embargo, ello, de por sí, no significa que procede denegar su solicitud de manera automática. Ante la ausencia de herederos que puedan reconocer la filiación del apelante, procede anotar, bajo los apartados de padre y madre, los nombres de "Toribio Quintana" y "Faustina Rivera", respectivamente, para propósitos exclusivos de identificación. Art. 564 del Código Civil, 31 LPRA sec. 7114.[2] El encargado deberá consignar en la inscripción que los nombres de los "padres" se estipulan con la única intención de identificar a la persona inscrita.

La inscripción del señor Quintana Rivera no incide sobre derechos de terceros o sobre el deber del Registro Demográfico de preservar y certificar hechos vitales. Por el contrario, mediante su inscripción se corrige un error jurídico e histórico que debió ser rectificado hace más de ocho (8) décadas.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Sentencia*, se *revoca* la determinación apelada. Se le ordena al Registro Demográfico a inscribir al apelante con el nombre de Humberto Quintana Rivera,

---

[2] *Véase*, también, Art. 191 del Reglamento de la Ley del Registro Civil de España, BOE-A-1958-18486.

de sexo masculino, nacido el 7 de septiembre de 1938 en Moca, Puerto Rico, siendo sus "padres", para efectos identificadores, Toribio Quintana y Faustina Rivera. De conformidad con la normativa vigente, la inscripción deberá contener la palabra "tardía".

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones